**John W. BYER, Jr., Appellant,**

v.

**INTERNATIONAL PAPER COMPANY,**
a corporation, Appellee.

**No. 7131.**

United States Court of Appeals
Tenth Circuit.

March 20, 1963.

Charles Hill Johns, Oklahoma City, Okl. (Smith, Johns & Neuffer, Oklahoma City, Okl., on the brief), for appellant.

Warren E. Slagle, Kansas City, Mo. (Slagle & Bernard, Kansas City, Mo., and

Johnston & Johnston, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

The case presents the question of the right of the appellee, International Paper Company, to recover from appellant, John W. Byer, Jr., a former employee, money received by him from a third party during the existence of the employer-employee relationship.

The facts may be summarized as follows: In 1946, Byer was employed by the Long Bell Lumber Company, as manager of one of its retail lumber yards in Oklahoma. Long Bell later merged with the International Paper Company by statutory merger. The lumber yard managed by Byer was engaged in the retail sale of building materials. In connection with this business, it also extended credit to building contractors for materials purchased and loaned such contractors additional money to finance their building projects. O. H. Litsey was one of the contractors doing business at this lumber yard, and through Byer, he established a line of credit with, and obtained loans of money from, the employer company. Litsey entered into an agreement with Byer, without the knowledge or consent of the company, whereby he agreed to pay Byer a percentage of the profit derived from the building projects upon which the company was extending credit and assisting in the financing. Under this agreement and from 1953 to 1959, at which time Byer was discharged from his employment by the company, Litsey paid him the sum of $15,409.03.

Subsequent to Byer's discharge the company learned about the agreement between Byer and Litsey and of the money paid to him under the agreement. This diversity suit was then brought in the court below to recover the money paid to Byer by Litsey, because of the alleged fraudulent and wrongful nature of such payments. Trial of the cause was had to the court, without a jury, which re-sulted in a judgment in favor of appellee and Byer appealed.

■ Appellant stresses the importance of the facts in the case, and apparently wants this court to either make a redetermination of the facts or to supplement the facts as found below. To sustain an attack upon the trial court's findings of fact, an appellate court must first have before it an adequate record of the trial proceedings. This we do not have, as only a portion of the testimony of one witness was brought up by appellant. Therefore, we accept the findings of fact made by the trial judge, and our consideration of the legal questions involved must be upon those facts.

■ As his principal legal contention, appellant urges a reversal on the basis that appellee was paid in full by Litsey and accordingly it did not suffer any detriment or sustain any loss. Even if we accept appellant's legal conclusion, which we do not, the fact premise behind it is not consistent with the trial court's finding in this regard. The trial court specifically found that "In certain instances interest normally charged on extension of credit was not charged to Mr. O. H. Litsey, at the direction of defendant." Therefore, we must conclude that appellee did suffer financial loss by reason of the arrangement between its employee, Byer, and the third party, Litsey.

Appellant also argues that the agreement between Byer and Litsey was separate and apart from the agreement, made by Byer on behalf of appellee, to extend credit to and otherwise finance Litsey's house construction. The trial court rejected this contention and expressly found: There was only one agreement between Byer and Litsey; and the promise whereby Litsey was to pay Byer a percentage of profit was a part of the agreement made by Byer, as agent for appellee, to extend credit and monies to Litsey.

■ One other factual point raised by appellant is that appellee was not in the business of building houses and, therefore, he contends it must necessar-

ily follow that the agreement with Litsey was not in conflict with his employment with appellee. There is no specific finding by the trial court in this regard and there is no showing in the record that appellant requested a finding as to this fact. But even conceding this to be a fact, the taint upon the agreement, whereby Byer was to receive a part of the profits from Litsey, is not removed. From the trial court's findings of fact it must be concluded that Byer extracted the promise from Litsey to divide the profits only because he, Byer, was agreeing, as agent for appellee, to extend credit and financial assistance to Litsey. Otherwise, Litsey would not have made the profit-splitting agreement.

Under the trial court's findings of fact, we have no doubt as to the merit of appellee's cause of action against Byer. One who acts as agent for another is not permitted to deal in the subject matter of the agency for his own benefit without the consent of the principal.[1] Profits realized by an agent in the execution of his agency belong to the principal in the absence of an agreement to the contrary. The agent is bound to a high degree of good faith toward his employer, and is not entitled to avail himself of any advantage that his position may give him to profit at the employer's expense beyond the terms of the employment agreement.[2] It is not necessary that the employer suffer actual loss before he is entitled to recover such ill gained profits from the employee or agent.[3]

Appellant's counsel states that his principal legal authority is the case of Latta v. Kilbourn, 150 U.S. 524, 14 S.Ct. 201, 37 L.Ed. 1169. We have carefully read that case and find little or no factual similarity to this case. The question in the

Latta case concerned the scope of a partnership agreement. There is nothing in the case concerning the duty owed by an agent or servant to the principal or master. Other cases are cited by appellant but we find none of them helpful to us.

We agree with appellee that this case is simply one of a faithless employee, using the authority given him by his employer, to extract a secret gain for himself from a third party with whom he dealt on behalf of the employer.

The judgment of the trial court is affirmed.

1. Phillips Petroleum Company v. Peterson, 10 Cir., 218 F.2d 926, cert. denied, 349 U.S. 947, 75 S.Ct. 871, 99 L.Ed. 1273; Pratt v. Shell Petroleum Corporation, 10 Cir., 100 F.2d 833, cert. denied, 306 U.S. 659, 59 S.Ct. 775, 83 L.Ed. 1056; United States v. Bowen, 5 Cir., 290 F.2d 40; Hunter v. Shell Oil Co., 5 Cir., 198 F.2d 485; 3 Am.Jur.2d, Agency, § 220, p.p. 593–595.

2. 3 Am.Jur.2d Agency, § 223, p.p. 597–598; 3 C.J.S. Agency § 165, p.p. 53–56; Annot., 13 A.L.R. 905, 907–908, supplemented, 71 A.L.R. 933.

3. United States v. Carter, 217 U.S. 286, 30 S.Ct. 515, 54 L.Ed. 769; United States v. Bowen, supra; 3 Am.Jur.2d Agency, § 223, p. 598.